IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            Plaintiff,<br>vs.<br><br>JOHN FRANKLIN CARTER<br><br>            Defendant. | No.9:18-CR-00037-1-RC |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Pending is Defendant's *Motion for Compassionate Release from Custody*. (Doc. No. 90.) This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59. The Government has not filed a response. Having considered the pending motion, the record, and the applicable law, the undersigned recommends denying the Defendant's motion.

**I. BACKGROUND**

On January 15, 2019, John Franklin Carter, the Defendant, pled guilty to Count One of the Information, Conspiracy to Possess with Intent to Distribute a Controlled Substance, namely methamphetamine, in violation of 21 U.S.C. § 846. On June 4, 2019, Carter was sentenced to 60 months' imprisonment, followed by 5 years' supervised release. In the instant motion, Carter seeks compassionate release from prison in order care for his ill wife and mother-in-law, as well as his own health issues.

## II.  ANALYSIS AND RECOMMENDATION

On December 21, 2018, the President signed the First Step Act of 2018 into law.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release.  *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release.").  The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf.  *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D.

2

Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The statute, however, makes it clear that a defendant must first exhaust his administrative remedies before seeking relief from the court. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020) (holding "the statute's language is mandatory").

Carter must initially petition the BOP and, subsequently, fully exhaust his administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c). In the instant motion, Carter has not indicated whether he has exhausted his administrative remedies by addressing the relief he seeks with the warden at the correctional facility where he is imprisoned. As such, the court is without authority to waive the full exhaustion of his administrative remedies. *United States v. Collins*, No. CR 04-50170-04, 2020 WL 1929844, at *2 (W.D. La. Apr. 20, 2020) ("Section 3852(c)(1)(A) does not provide [the court] with the equitable authority to excuse [the defendant's] failure to exhaust his administrative remedies or to waive the 30-day waiting period.").

In addition, an applicant for compassionate release must show extraordinary and compelling reasons exist to warrant his release. In Application Note 1 to § 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older with a serious health condition and has served at least ten years or 75 percent of his term of imprisonment; (iii) the defendant's family has specified needs for a caregiver for a minor child or incapacitated spouse; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the

3

defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See United States v. Latham*, No. 6:18-CR-16-4, 2020 WL 4192920, at *2 (S.D. Tex. July 20, 2020). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, No. H-11-803-1, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

Unfortunately, Carter has not raised any grounds that would qualify as extraordinary and compelling reasons to warrant his release. He states in his motion that he has PTSD and bipolar disorder for which he has been unable to receive medication for in prison. (Doc. No. 90.) He also seeks release to care for his wife and mother-in-law. (*Id.*) He asserts that his wife has COPD and requires breathing treatments. (*Id.*) Carter also notes that his mother-in-law has an auto-immune disorder that affects her lungs requiring supplemental oxygen. (*Id.*) He argues for release in order to care for these family members and points to their precarious situation if they were to contract COVID-19. (*Id.*) Caring for a sick family member, however, is not a qualifying "family circumstance" under U.S.S.G. § 1B1.13. *See Latham*, 2020 WL 4192920, at *3. Similarly, in *Latham*, the defendant stated that she had underlying health conditions and also claimed to have medical power of attorney over her 65-year-old mother, who had COPD and diabetes, and needed the defendant at home. *Id.* In addition to finding her sick family member failed to meet the necessary criteria for compassionate release, the court also found that

the defendant failed to exhaust her administrative remedies and failed to offer evidence of any underlying medical condition that would make her particularly vulnerable to severe illness or death should she contract COVID-19. *Id.*

Moreover, as stated above, there also must be a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Carter's criminal history weighs against a finding of release. Carter has prior convictions for: possession of a controlled substance, reckless operation, second degree battery, domestic abuse, illegal possession of stolen things, assault causing bodily injury, reckless operation of a vehicle, and possession of marijuana. (Doc. No. 70.) In addition, Carter has prior arrests for unauthorized entry of inhabited dwelling, hot check violation, simple battery, unlawfully/knowingly/intentionally possessed schedule II controlled substance, theft of property, hit and run driving, fugitive, possession of a controlled substance, unlawful possession of a firearm by felon, and theft of firearm. (*Id.*) Moreover, Carter was in possession of a firearm at the time of the traffic offense which led to his arrest for the instant offense. Thus, the undersigned cannot conclude that Carter would not pose a danger to the safety of any other person or the community if released.

Consequently, Carter has failed to meet the requisite standard for compassionate release. It is therefore the recommendation of the undersigned that the Defendant's *Motion for Compassionate Release* be DENIED.

### III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be

served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(B). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of March, 2021.

_____
Zack Hawthorn
United States Magistrate Judge